IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| JOSHUA PAUL HILTON HOLT, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 3:18-cv-00568 |
| MEGGAN B. SULLIVAN, | ) ) | JUDGE CAMPBELL |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

Plaintiff Joshua Paul Hilton Holt, an inmate of West Tennessee State Prison in Henning, Tennessee, has filed a pro se complaint under 42 U.S.C. § 1983. He also filed an application for leave to proceed in forma pauperis (IFP) (Doc. No. 2), and a motion for writ of habeas corpus ad testificandum. (Doc. No. 4.) The case is before the Court for a ruling on the IFP application and an initial review pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**I. Application to Proceed IFP**

Under the PLRA, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee of $350.00 required by 28 U.S.C. § 1914(a). Because it is apparent from Plaintiff's IFP application that he lacks the funds to pay the entire filing fee in advance, his application (Doc. No. 7) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), Plaintiff is nonetheless assessed the $350.00 civil filing fee. The warden of the facility in which Plaintiff is currently housed, as custodian of Plaintiff's trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of

the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the West Tennessee State Prison to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

## II.     Initial Review of the Complaint

### A.     PLRA Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any IFP complaint that is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Similarly, Section 1915A provides that the Court shall conduct an initial review of any prisoner complaint against a governmental entity, officer, or employee, and shall dismiss the complaint or any portion thereof if the defects listed in Section 1915(e)(2)(B) are identified. Under both statutes, this initial review of whether the complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face,"

such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Applying this standard, the Court must view the complaint in the light most favorable to Plaintiff and, again, must take all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Furthermore, pro se pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), nor can the Court "create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

### B.     Section 1983 Standard

Plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, Plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

### C. Allegations and Claims of the Complaint

Plaintiff alleges that on January 26, 2018, during proceedings on his state post-conviction petition in Wilson County criminal court, he was able to question attorney Meggan B. Sullivan as a witness but was not able to question her fully. (Doc. No. 1 at 5.) He was not allowed to recall Sullivan to the stand when proceedings resumed on January 29, 2018. (*Id.*) Sullivan is the only named Defendant to this action, and Plaintiff's only request for relief is "[a]n audience in Federal court to question [Sullivan] on [the] record." (*Id.* at 6.)

### D. Analysis

Plaintiff's sole purpose in filing the instant lawsuit is to obtain permission to call Sullivan (who presumably represented Plaintiff at his criminal trial) as a witness before this Court, in order to complete his examination of her with regard to issues pending before the state post-conviction court. (Doc. No. 1 at 5–6.) For multiple reasons, this case does not present a claim to relief available under Section 1983. Those reasons include: (1) that Plaintiff does not allege a violation of any federal right; (2) that Sullivan, whether acting as a witness or as a state-employed attorney, is not a state actor, *see Elmasri v. England*, 111 F. Supp. 2d 212, 221 (E.D.N.Y. 2000) ("[T]he mere fact that an individual testifies at a court proceeding does not render that person a state actor.") (citing *Briscoe v. LaHue*, 460 U.S. 325, 329–30 (1983)); *White v. Robertson-Deming*, 9 F. App'x 418, 419 (6th Cir. 2001) ("It is firmly established that a public defender or a court-appointed defense counsel, while acting in that capacity, is not a state actor for purposes of § 1983."); and (3) that principles of comity and federalism restrain this Court from interfering with ongoing state court proceedings, *see*, *e.g.*, *Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975). Accordingly, Plaintiff's complaint must be dismissed.

**III.     Conclusion**

For the reasons given above, Plaintiff's application to proceed IFP is **GRANTED**, and the $350.00 filing fee is **ASSESSED** in accordance with this Order. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Plaintiff's complaint is **DISMISSED** for failure to state a claim on which relief may be granted. His motion for writ of habeas corpus ad testificandum (Doc. No. 4) is **DENIED as moot**.

This Order constitutes the final judgment in this action pursuant to Federal Rule of Civil Procedure 58.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE